UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE CADILLO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, NATALIE CADILLO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("PORTFOLIO"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1.  Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Hudson County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PORTFOLIO maintains a location at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Upon information and belief, PORTFOLIO uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. PORTFOLIO is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent initial letters and/or notices from PORTFOLIO concerning a debt and/or obligation, where the original credit is listed as BARCLAYS BANK DELAWARE, and which included the alleged conduct and practices described herein.
- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendant violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before December 21, 2017, Plaintiff allegedly incurred a financial obligation to BARCLAYS BANK DELAWARE ("BARCLAYS").

16. The BARCLAYS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The BARCLAYS obligation did not arise out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were for business purposes.

18. The BARCLAYS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. BARCLAYS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20. On or before December 22, 2017, the BARCLAYS obligation was purchased by PORTFOLIO.

21. At the time the BARCLAYS obligation was purchased by PORTFOLIO the BARCLAYS obligation was delinquent.

22. At the time the BARCLAYS obligation was purchased by PORTFOLIO the BARCLAYS obligation was in default.

23. PORTFOLIO paid less than $562.86 for the purchase of the BARCLAYS obligation.

24. PORTFOLIO paid less than $250.00 for the purchase of the BARCLAYS obligation.

25. PORTFOLIO paid less than $100.00 for the purchase of the BARCLAYS obligation.

26. PORTFOLIO paid less than $50.00 for the purchase of the BARCLAYS obligation.

27. January 22, 2018 paid less than $25.00 for the purchase of the BARCLAYS obligation

28. PORTFOLIO caused to be delivered to Plaintiff a letter dated January 22, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, is fully incorporated herein by reference except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

29. The January 22, 2018 letter was sent to Plaintiff in connection with the collection of the BARCLAYS obligation.

30. The January 22, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read the January 22, 2018 letter.

32. The front side of the January 22, 2018 letter states in part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such-Judgment-or verification. If you request this office in writing with 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

33. The front side of the January 22, 2018 letter further provides:

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

34. The reverse side of January 5, 2017 letter stated in part:

> **DISPUTES:** Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502.
>
> **DISPUTES E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

35. Section 1692g(a)(3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
> (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

36. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. _Graziano v. Harrison_, 950 F.2d 107, 112 (3d Cir. 1991). _Caprio v. Healthcare Revenue Recovery Group_, 709 F.3d 142 (3d Cir. March 1, 2013).

37. PORTFOLIO knew or should have known that its actions violated the FDCPA.

38. PORTFOLIO could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

39. It is PORTFOLIO's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

40. On information and belief, PORTFOLIO sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

41. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by PORTFOLIO, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. The January 22, 2018 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

44. The least sophisticated consumer upon reading the PORTFOLIO letter would be confused as to what she must do to effectively dispute the alleged debt.

45. The least sophisticated consumer upon reading the instructions in the PORTFOLIO letter would be mislead into believing that if she wished to effectively dispute the alleged, debt/obligation or any portion thereof, she may: (1) notify PORTFOLIO by calling the toll free telephone number of 1-800-772-1413 or (2) write to PORTFOLIO at the street address and/or email address listed.

46. PORTFOLIO's instructions in the January 22, 2018 letter would cause the least sophisticated consumer to be unsure as to what she must do to effectively dispute the alleged debt.

47. PORTFOLIO's "DISPUTE" instructions in the January 22, 2018 letter would cause least sophisticated consumer to believe that she can call the toll-free telephone number provided, to effectively dispute the debt.

48. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

49. PORTFOLIO violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the January 22, 2018 letter, what she must do in order to dispute the alleged debt.

50. PORTFOLIO violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if she wished to dispute the alleged debt or any portion thereof, she may: (1) notify PORTFOLIO by calling the toll free telephone number of 1-800-772-1413 or (2) write to PORTFOLIO at the street address and/or email address listed.

51. The January 22, 2018 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

52. The January 22, 2018 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling PORTFOLIO the toll free number provided.

53. The January 22, 2018 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notify PORTFOLIO in writing at the street address or email provided in the letter.

54. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

55. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

57. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

58. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

59. Plaintiff has suffered damages and other harm as a direct result of PORTFOLIO's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

    (d)    Awarding pre-judgment interest;

    (e)    Awarding post-judgment interest.

    (f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 3, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 3, 2018

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

# Portfolio Recovery Associates, LLC

**Seller:** BARCLAYS BANK DELAWARE
**Original Creditor:** BARCLAYS BANK DELAWARE
**Original Creditor Address:** 100 S. WEST STREET, WILMINGTON DE 19801
**Creditor to Whom Debt is Owed:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**Account Number:** ▮▮▮▮▮▮507
**Current Balance:** $562.86

January 22, 2018

NATALIE L CADILLO,

Welcome to PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA, LLC")! We want to help you resolve this account, so call us at 1-800-772-1413 for low payment options. If paying off this debt is difficult for you please call anyway, because we have payment options for almost every budget.

PRA, LLC purchased account ▮▮▮▮▮▮507 on 12/22/2017. All future payments for this account, including credit counseling service payments, should be directed to us.

---

**Call toll-free at 1-800-772-1413 to discuss payment arrangements.**
**8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun. (EST)**
**Contact us at help@portfoliorecovery.com to communicate with us by e-mail.**

---

**Various Payment Options Available Including:**

| Pay by Phone: ☎ | Mail: ✉ | Online: 🖥 |
|---|---|---|
| • Authorize automatic withdrawals from your bank account<br>• Complete a debit card payment | • Complete the attached coupon<br>• Make all checks and payments to:<br>PORTFOLIO RECOVERY ASSOCIATES, LLC<br>P.O. Box 12914<br>Norfolk, VA 23541 | • Complete a payment from your checking account<br>• Pay us online at:<br>www.prapay.com |

---

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

---

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**
NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

001

**MAKE ALL CHECKS PAYABLE TO:** PORTFOLIO RECOVERY ASSOCIATES, LLC
**SEND ALL PAYMENTS TO:** PORTFOLIO RECOVERY ASSOCIATES, LLC, P.O. Box 12914, Norfolk, VA 23541

**COMPANY ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, 120 Corporate Boulevard, Norfolk, VA 23502

**DISPUTES:** Call 1-800-772-1413 or write to: Portfolio Recovery Associates, LLC, Disputes Department, 140 Corporate Blvd., Norfolk, VA 23502
**DISPUTES E-MAIL ADDRESS:** PRA_Disputes@portfoliorecovery.com

**QUALITY SERVICE AVAILABLE Mon. - Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (800) 772-1413 or by e-mail at qualityservice@portfoliorecovery.com.

**PRIVACY NOTICE:** We collect certain personal information about you from the following sources: (a) information we received from you; (b) information about your transactions with our affiliates, others, or us; (c) information we receive from consumer reporting agencies. We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to nonpublic information about you to those employees and entities that need to know that information in order to collect your account. We maintain physical, electronic and procedural safeguards that comply with federal regulations to guard your nonpublic personal information.

**NOTICE:** If this account is eligible to be reported to the credit reporting agencies by our company, we are required by law to notify you that a negative credit report reflecting on your credit records may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation.

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws:

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area.

**COLORADO:** Office located at 4600 South Syracuse Street, Suite 966, Denver, CO 80237. Telephone 1-866-508-4751. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**MAINE:** Telephone number at licensed location is (800) 772-1413. Hours of operation at licensed location are 8 AM to 11 PM Mon.-Fri., 8 AM to 8 PM Sat., 11 AM to 10 PM Sun. (EST).

**MASSACHUSETTS:** Office located at 49 Winter St., Weymouth, MA 02188. Telephone (800) 772-1413. Hours of operation are 9 AM to 6 PM Monday through Thursday (EST). NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

**NEW YORK CITY:** City of New York License Numbers 1096994, 1394695, 1394697, 1394696, 1394698, 2045465, 2052875, 2061138.

**NORTH CAROLINA:** Collection Agency Permit No. 4132.

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. (#00000770)